**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 1:06-CR-65 WCL |
| | ) | |
| ISAAC J. CARLISLE | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant, Isaac Carlisle's ("Defendant's" or "Carlisle's"), "Motion To Suppress" filed on January 22, 2007 wherein the Defendant seeks a *Franks* evidentiary hearing[1] to challenge the validity of the search warrant.  The Government responded on February 2, 2007.  For the following reasons, the Defendant's request for a *Franks* hearing relating to his Motion to Suppress will be DENIED. In addition, the court concludes that probable cause existed for issuance of the warrant and the warrant appropriately described the items to be seized.  Thus, these portions of the motion to suppress will also be DENIED.  The remainder of the motion to suppress will remain under advisement pending a hearing.

**DISCUSSION**

On December 13, 2006, a grand jury returned a two count indictment against Defendant Carlisle.  Count 1 charges that on or about November 1, 2006, the Defendant knowingly and intentionally distributed crack in violation of 21 U.S.C. §841(a)(1).  Count 2 charges that on or

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

1

about November 15, 2006, Defendant Carlisle knowingly and intentionally possessed with intent to distribute crack also in violation of 21 U.S.C. §841(a)(1).

The indictment followed a search (pursuant to a warrant) of the residence at 565 Candlelite Court, Fort Wayne, Indiana where police sought evidence of drug activity. The present motion to suppress relates to that search with the Defendant contending that: (1) the affidavit in support of the search warrant contained misstatements and omissions; (2) the search warrant was overly broad and thus, violative of the Fourth Amendment; (3) the warrant does not describe with particularity the place to be searched or the person(s) to be searched; (4) probable cause for issuance of the warrant was not established; (5) the officers executing the warrant exceeded the scope of the warrant; (6) the warrant was not executed in a timely matter, and (7) the officers exceeded the scope of the search.

The search warrant in question was issued by an Allen County Superior Court Judge. That warrant was based upon a probable cause affidavit submitted by Lieutenant Arthur Barile ("Lt. Barile"), a member of the Allen County Sheriff's Department. In the affidavit,[2] Lt. Barile avers as follows: On October 25, 2006, Carlisle's drug trafficking activity came to the attention of the Allen County Police Department ("ACPD") through the information of CI 476, a confidential informant with a credible and reliable track record that had previously resulted in drug seizures and drug arrests. ACPD detectives took this information and developed a second confidential informant, CI 515, who was able to make drug buys from Carlisle. Through surveillance and investigation,

---

[2]The following recitation is a summary of the Search Warrant Affidavit and is excerpted from the Government's responsive brief. The summary does not contain all the detail of the original affidavit but does provide an accurate account of the contents of the Affidavit.

2

detectives discovered that Carlisle lived at 565 Candlelite Court, Fort Wayne, Allen County, Indiana, with his girlfriend, Sondra Hides ("Hides"). CI 515 stated that Carlisle, sometimes with the assistance of Hides, was dealing large amounts of powder and crack cocaine, that Carlisle took orders on his cellular telephone, and that Carlisle or Hides would make the drug deliveries in business parking lots. CI 515 identified Carlisle in a photographic array before participating in the controlled buys that follow.

On October 26, 2006, with the assistance of CI 515, ACPD detectives performed a controlled buy of approximately 7.9 grams of powder cocaine from Carlisle and Hides. Prior to the buy, detectives performed a pre-buy search of the CI's person and vehicle, finding no contraband; outfitted the CI with a recording and transmitting device; and provided the CI with money after prerecording the serial numbers. CI 515 called Carlisle and placed an order for a "quad," with Carlisle setting the meet in five minutes at a gas station on Fairfield Avenue. ACPD Detective Cain and CI 515 arrived at the meet location, and CI 515 was kept under constant surveillance. In a follow up telephone call, detectives heard CI 515 acknowledge that "she" was going to bring "it," and surveillance detectives next observed Hides exiting the apartment complex driving a truck registered to Carlisle. When Hides arrived at the meet location, she exchanged the cocaine for the buy money, and Detective Cain thereafter collected the cocaine from CI 515, with post-buy searches being negative for contraband. After the buy, Hides drove back to the apartment complex, parked Carlisle's truck in the parking space for 565 Candlelite Court, and walked toward apartment 565.

On November 1, 2006, again with the assistance of CI 515, ACPD performed a second controlled buy of approximately 7.9 grams of crack cocaine from Carlisle. Detectives again conducted pre-buy searches of CI 515's person and vehicle, with negative results, and outfitted CI

515 with an audio transmitter and recorder. CI 515 again called Carlisle but ordered a "quad hard" this time, with Carlisle setting the meeting in the 5800 block of Fairfield Avenue. Detectives and CI 515 drove to the meet location, and CI 515 was kept under constant surveillance. A detective watching apartment 565 observed Carlisle's arrival in a silver car and saw a female exit the relevant apartment, with this woman approaching Carlisle and appearing to hand him something. Carlisle drove the silver car to the meeting location and gave CI 515 the crack cocaine in exchange for pre-recorded buy money. Detective Cain received the crack cocaine from CI 515 and found no contraband during post-buy searches.

After the buy was complete, Carlisle drove back to apartment 565 and parked in front of the apartment, appearing to engage in yet another drug transaction with an unknown individual in a Ford Probe. After Carlisle handed the Probe's passenger a small package in exchange for what appeared to be a bundle of money, Carlisle entered 565 Candlelite Court.

Based on these facts, on November 6, 2006, the judge issued a search warrant for the residence of 565 Candlelite Court for the following evidence: Cocaine and derivatives thereof, United States Currency, firearms and/or weapons, and records of drug transactions and/or other financial information. Officers executed the warrant on November 15, 2006 and inside the master bedroom closet, detectives located a safe. After Carlisle provided the combination police recovered: three baggies containing a total of approximately 74.5 grams of powder cocaine, one baggy containing approximately 4.2 grams of crack cocaine, a digital scale with white residue, a spoon and razor knife with white residue, Carlisle's social security card, and $1,935 in cash. Several of the bills among this $1,935 had serial numbers matching the pre-recorded buy money from the first buy. In the master bedroom, detectives located Carlisle's driver's license and credit cards, his cellular

telephone, his pay stubs, plastic bags and latex gloves, $43, and miscellaneous paperwork identifying the apartment residents. Also in the apartment, detectives found more plastic bags, an open box of baking soda with a spoon inside, Hides's identification, and Hides's keys, which included a key to the safe.

**A.      Request for a *Franks* Hearing**

Defendant has leveled a broad-based attack on the search warrant and subsequent search. Insofar as he is challenging the underlying basis upon which the warrant was issued, such an attack must be denied even without an evidentiary hearing.

"The Supreme Court directs that search warrant affidavits must be presumed to be valid." *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994)(*citing Franks, supra*). "Therefore, a Defendant is generally not entitled to a hearing regarding the evidence contained in an affidavit supporting a search warrant or intercept order." *United States v. Jackson*, 65 F.3d 631, 635 (7th Cir. 1995). "If, however, a defendant can make a 'substantial preliminary showing' that an affidavit included deliberately false material statements, or recklessly disregarded the truth, the Fourth Amendment requires that the district court hold an evidentiary [*Franks*] hearing." *Id.* "To obtain a hearing, however, 'the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine the affiant.'" *Id. (quoting McAllister, supra* 18 F.3d at 1416).

As the Supreme Court wrote in *Franks*:

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence

>satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is not permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendment, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

98 S.Ct. 2684-85.

The Seventh Circuit has indicated that "[t]here are two requirements for a *Franks* hearing: 1.) the movant must demonstrate that the affidavit contained erroneous information [(or omitted material information)]; and 2.) the movant must demonstrate that the police officers knew the affidavit was false or at least demonstrate the officers recklessly disregarded the truth." *United States v. Amerson,* 185 F.3d 676, 687 (7th Cir. 1999). "[I]f a defendant can make a 'substantial preliminary showing' that an affiant knowingly submitted inaccurate material statements or recklessly disregarded the truth, the Fourth Amendment requires that the district court hold an evidentiary hearing." *Id*. In sum, a defendant must demonstrate that the information in the search warrant affidavit is false and "the other all-important *Franks* requirement: that the law enforcement officers seeking the warrant had knowledge that the affidavit they filed was false or that they acted in reckless disregard of the truth." *Id.* at 688-89.

In the present matter, the Defendant has presented little to meet the requirement of "a substantial preliminary showing" so as to warrant a *Franks* hearing to challenge the underlying information provided to obtain the search warrant. The Defendant's argument on this point is a mere two sentences long and reads "The Judge issuing the Search Warrant had nothing before him except the bare facts set forth in the Affidavit presented to him by the law enforcement officer. The law

6

enforcement officer failed to address the reliability of the informant, as well as information provided by the Confidential Informant, that being CI 515." (Dfdt's Br. at 7).

The problem with Defendant's argument is that even assuming all the above is correct, it does not get the Defendant past the first hurdle in the *Franks* analysis, that is a preliminary showing that the affidavit contained erroneous information or omitted information material to the probable cause determination. *Amerson,* 185 F.3d at 687. Rather, Defendant's argument is not that the affidavit was incorrect or that Lt. Barile's affidavit contains untruths, but is, in essence, a complaint that the affidavit could not support *probable cause* because it didn't contain more information, namely, more information regarding the reliability of the informant.[3]

Further, Defendant has made no showing that the information provided in the warrant affidavit contained *knowingly* false statements, that "the police officers knew the affidavit was false," or that the "officers recklessly disregarded the truth." *Id.* As both *Franks* and the Seventh Circuit articulate, both requirements must be met to clear the hurdle of having a hearing. Indeed, in *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000), the Seventh Circuit emphasized that "*Franks* makes it clear that affidavits in support of a search warrant are presumed valid, and that the 'substantial preliminary showing' that must be made to entitle the defendant to an evidentiary hearing must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." "The defendant 'must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts [or making a mistatement] in order to prove deliberate falsehood or reckless disregard.'" *United States v.*

---

[3] The issue of probable cause is addressed in the following section.

*Souffront,* 338 F.3d 809, 822 (7th Cir. 2003) *United States v. McNeese,* 901 F.2d 585, 594 (7th Cir.1990) (citation omitted). "A 'reckless disregard for the truth' is demonstrated by showing that the officers entertained serious doubts as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts they knew would negate probable cause." *Beauchamp v. City of Noblesville Indiana,* 320 F.3d 733, 743 (7th Cir. 2003).

Here, the record is void of any evidence to suggest that the warrant affiant, i.e., Barile, recklessly disregarded the truth of the statements in the affidavit for search warrant or had reason to lie about the facts he set forth in the affidavit. Accordingly, because the Defendant fails to satisfy the preliminary requirements to necessitate a *Franks* hearing on this issue, his request for a *Franks* hearing is DENIED.

**B.     Probable Cause Challenge[4]**

"Probable cause is a fluid concept, a flexible, practical, nontechnical conception." *United States v. McNeese*, 901 F.2d 585, 592 (7th Cir. 1990)(internal citations omitted). "It is based on [the] reasonable belief that evidence in the place to be searched will lead to an arrest or conviction for a particular offense." *Id.* "'Probable cause denotes more than a mere suspicion, but does not

---

[4] It is unclear from the briefing whether the Defendant seeks an evidentiary hearing on the issues of probable cause and the particularity of the warrant. Both the search warrant affidavit and the search warrant are part of the record and both the Defendant and the Government are in agreement that these two documents are accurate copies of what was presented to and signed by the issuing judge. Since both the probable cause issue and the particularity of the warrant rise and fall on the contents of these documents, there are no factual disputes to be resolved. See, *United States v. Coleman,* 149 F.3d 674, 677 (7th Cir.1998) (citing *United States v. Rollins,* 862 F.2d 1282, 1291 (7th Cir.1988)) (holding that a defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information "to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion."). Accordingly, the court resolves these issues without an evidentiary hearing.

8

require certainty.'" *Id. (quoting United States v. Ellery*, 678 F.2d 674, 677 (7th Cir.), *cert. denied*, 103 S.Ct. 150 (1982)). When, as here, the affidavit is the only evidence presented to the support the issuance of a warrant, "the warrant must stand or fall solely on the contents of the affidavit." *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)**.**

"Courts have settled that '[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'thing' to be searched for and seized are located on the property to which entry is sought.'" *United States v. Malin*, 908 F.2d 163, 165 (7th Cir. 1990)(*quoting Zurcher v Stanford Daily*, 98 S.Ct. 1970 (1978).* Thus, "[t]he traditional standard for review of an issuing magistrate's probable-cause determination has been that so long as the magistrate had a `substantial basis for...conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more," *Illinois v. Gates*, 103 S.Ct. 2317, 2331 (1993) (*quoting Jones v. United States*, 80 S.Ct. 725, 736 (1960) and therefore, "[t]he duty of a reviewing court is to ensure that the magistrate had a `substantial basis' for concluding that, 'under the totality of the circumstances,' probable cause existed." *McNeese, supra* at 593 (citations omitted). Indeed, the Supreme Court recognized in *Gates* that

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates,* 462 U.S. at 238, 103 S.Ct. at 2332.[5]

---

[5]The Court further explained in *Gates*:

> [W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. A grudging or

9

With respect to the probable cause determination, Defendant urges that the confidential informant should have been present to either provide testimony or sign an affidavit supporting his involvement in the activities for which the warrant was sought. Defendant also points out that Carlisle was not visibly seen at the first of the two controlled buys and thus, the affiant was only able to corroborate Carlisle's presence at a drug transaction on one prior occasion.

In support of his argument, Defendant points to *United States v. Reddrick*, 90 F.3d 1276, 1279 (7th Cir. 1996), wherein the Seventh Circuit *upheld* a warrant issued based solely on the testimony of a police officer concerning information obtained by an informant. There, the testifying officer at the probable cause hearing had no firsthand corroboration of information provided by the informant, namely that the informant had seen 13 kilos of cocaine inside the residence, but indicated that he had worked with the informant in the past, the informant had made 3 prior controlled buys from the individual in question, and that the information provided in the past was reliable. As in the present case, the informant did not testify at a probable cause hearing nor did the informant provide the issuing judge with an affidavit. The magistrate issuing the warrant found that under the totality of the circumstances, the informant's information, as set forth by the officer, was reliable and supported probable cause because (1) the informant's information was based upon firsthand knowledge; (2) the informant provided information on the type and quantity of the controlled substances involved; and (3) the informant had participated in 3 prior controlled purchases.

---

negative attitude toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner.

*Gates*, 462 U.S. at 236, 103 S.Ct. at 2331.

Although the Seventh Circuit upheld issuance of the warrant based on the three prior controlled purchases, it did note, as the Defendant here points out, that the "evidence of reliability of the informant's information was sparse." *Id.* at 1276. This is the case here, according to the Defendant; the court, however, cannot agree.

The police began their investigation of the Defendant's alleged illegal activities with a tip from a confidential informant that Lt. Barile averred had provided credible, reliable information leading to arrests and convictions in the past. This tip, in turn, led to the discovery of CI 515 who provided detailed information of how defendant's drug activities occurred. That CI then participated in several controlled buys all of which had connections with the residence of 565 Candlelite Court and all of which corroborated what he had first told police, namely, that Carlisle took orders on his cellular telephone, and that Carlisle or Hides would make the drug deliveries in business parking lots. Police independently corroborated this information through the controlled buys and through constant surveillance of both the CI and the Candlelite Ct. residence. Thus, the judge's determination of probable cause was reasonably developed from the information obtained through the independent corroboration of the police officers investigating the criminal activity, not merely from an unknown informant's tip.

Based upon the law set forth above, it is clear that the warrant in this case passes muster and that there was adequate probable cause for its issuance. The affidavit is both lengthy and detailed and having reviewed the affidavit in its entirety, but without going into a protracted, point-by-point assessment of it, the court finds it to provide a substantial basis for the magistrate judge's probable cause determination. The court also emphasizes that because the warrant at issue is one authorizing a search *not an arrest* the question here is not whether there is probable cause to believe Carlisle

11

committed a crime, but rather, whether there is probable cause to believe that there is evidence of illegal activity at the location named in the warrant. Police here observed two controlled buys and, on both occasions, the Candlelite Ct. residence was the starting and ending point of those transactions. There is certainly much more evidence than that present in *Reddrick* to support the issuance of the warrant. Accordingly, because the Court finds adequate probable cause for issuance of the search warrant, the Defendant's motion to suppress contending the lack of probable cause is DENIED.

**C.    Description in the Warrant**

Next, the Defendant objects to the description of items to be seized contained in the warrant. The Fourth Amendment provides that no warrant shall issue unless it states with particularity the things to be seized. U.S. Const. amend. IV. To satisfy this requirement a warrant must describe the objects to be seized with reasonable specificity, but it need not be elaborately detailed. *Vitek Supply Corp.,* 144 F.3d at 481. While a "general order to explore and rummage" is not permitted, "the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *United States v. Greene,* 250 F.3d 471, 477-78 (6th Cir.2001).

In determining whether a warrant meets this requirement the court looks to whether an executing officer reading the description in the warrant would reasonably know what items are to be seized. *United States v. Hall,* 142 F.3d 988, 996 (7th Cir.1998). The court is also mindful of the purpose of the particularity requirement: the intrusiveness caused by general warrants which gave police officers great discretion in determining the extent of a search and which items would be seized. *Platteville Area Apartment Ass'n v. City of Platteville,* 179 F.3d 574, 579 (7th Cir.1999); *United States v. Stefonek,* 179 F.3d 1030, 1033 (7th Cir.1999).

Here, the warrant authorized officers to search for the following evidence of drug activity including "cocaine and derivatives thereof, United States Currency, firearms and/or weapons, records of drug transactions and/or other financial information, which constitutes evidence of alleged drug transactions and illegal possession of said controlled substances in or about the above described building." (Dfdt's Exh. B). The warrant also identified the premises to be searched as "565 Candlelite Ct., a two-story wood-frame, multi-family apartment dwelling that is tan in color with green trim mainly around the windows." The warrant further described the residence as an apartment facing East with the numeric "565" in black "directly over the door." *Id.*

The Defendant contends that the warrant is lacking in particularity because it does not identify a safe as one of the items to be searched/seized nor does it identify particular rooms to be searched within the residence. The Defendant also contends that the warrant fails to provide adequate limitations or guidelines to officers executing the warrants and thus, the language in the warrant is so overbroad as to allow general rummaging through defendant's documents, records, and property.

Having reviewed the warrant, the court agrees that the warrant issued in this case is broad, but not impermissibly so. The type of criminal activity under investigation in the present case-a drug dealing business-makes it difficult to list with any greater particularity the records or financial documents desired to be seized which evidences such activity. *See United States v. Blair,* 214 F.3d 690 (6th Cir. 2000) (search warrant did not violate the particularity requirement of the Fourth Amendment, where it described the items to be seized as "[b]ooks, records, receipts, notes, ledgers, airline tickets, money orders, passports, and other papers relating to the transportation, importation, ordering, sale, and distribution of controlled substances," and also authorized seizure of records of

13

financial transactions and "electronic equipment to aid [defendants] in their drug trafficking activities." ); *United States v. Morisse,* 660 F.2d 132, 136 (5th Cir.1981) (upholding the validity of a warrant providing for search and seizure of "drug trafficking paraphernalia, records, money, and other evidence of drug trafficking").

In this case, although the warrant utilizes some generic terms such as "evidence of financial transactions" or "records," a more detailed exposition of the items is not possible given the criminal activity alleged here. Moreover, a reasonable officer executing the warrant would know which items he was authorized to seize. For these reasons, the Defendant's motion to suppress based upon lack of particularity in the search warrant is DENIED.

## CONCLUSION

The Defendant has not made the substantial preliminary showing required by *Franks*, and thus, his request for a Franks hearing is DENIED. Further, the court concludes that from the face of the affidavit there was sufficient probable cause for issuance of the search warrant. In addition, the items to be seized were described with sufficient particularity in the warrant so as to comport with the Fourth Amendment. Accordingly the Defendant's Motion to Suppress is DENIED as to these assertions.

At the outset of this Order, the court listed seven arguments raised by the Defendant. Some of those arguments, although set out initially in the Defendant's briefing, appear to have been abandoned in the arguments. However, there remains at least one issue related to the scope of the search and whether the officers exceeded the scope of the warrant during their search. Since this argument may depend upon facts outside of the present record, the court shall set the matter for an evidentiary hearing. An in-person pre-hearing conference is set on March 20, 2007 at 10:00 a.m.

at which time the court will schedule the evidentiary hearing, discuss the scope of that hearing, and identify the remaining issues to be presented at that hearing.  The jury trial scheduled for March 20, 2007 is VACATED as is the Pretrial Conference set for March 13, 2007 before Magistrate Judge Roger Cosbey..

    Entered: February 28, 2007

s/ William C. Lee, Judge<br>United States District Court